UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| DONALD SHANE ROBINSON, JR. ) | |
| ) | |
| v ) | NO. 2:09-CV-99 |
| ) | Mattice/Carter |
| SULLIVAN COUNTY JAIL, LT. ) | |
| SAWYER, ALL GUARDS ON SHIFT, ) | |
| SGT.CARSWELL, DAVID SHEALY, ) | |
| ASHTON PHILLIPS, ALDEAN BOWMAN, ) | |
| and ALL ADMINISTRATION AND STAFF ) | |
| ON SHIFT ) | |

## MEMORANDUM and ORDER

Donald Shane Robinson, Jr., a prisoner in the Sullivan County Detention Center, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging the violation of rights secured to him by the United States Constitution. Plaintiff has also submitted an application to proceed *in forma pauperis*, which reflects that he lacks sufficient financial resources to pay the required filing fee all at once. Plaintiff, however, is not relieved of the ultimate responsibility of paying the fee and therefore is **ASSESSED** the civil filing fee of $350.00.

The custodian of plaintiff's inmate trust account at the institution where he resides shall submit to the Clerk of Court, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for

the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 under has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). Remittances should be mailed to the <u>Clerk, United States District Court; 220 West Depot Street, Suite 200; Greeneville, Tennessee 37743.</u>

The Clerk is **DIRECTED** to send a copy of this order to the custodian of plaintiff's inmate trust account at the facility wherein he is housed to ensure compliance with above fee-collection procedures.

The claims presented in plaintiff's complaint are predicated upon the following factual allegations. On April 30, 2009, at approximately 10:00 a.m., inmates from Cells One, Three, Four, and Six were on a recreation yard run. Plaintiff was walking around with another inmate, when defendant David Shealy approached to discuss an incident involving the two of them while both were housed in the same unit. Defendant Shealy seemed offended when plaintiff stated that he did not want to be housed with him and walked away. But, he soon returned in the company of two other inmates, defendants Aldean Bowman and Ashton Phillips.

The three inmates—Shealy, Bowman and Phillips—began beating plaintiff, striking his left cheek and face, and continuing to beat him when he tripped and fell down to the

2

ground. By this time, plaintiff's nose was pouring blood and his eye was beginning to swell. The beating ceased; resumed a short time later; and ended when defendant Shealy kicked plaintiff in the face, knocking him unconscious. When plaintiff regained consciousness, no guards, staff members, or other inmates were there to help him.

The beating lasted approximately fifteen minutes. Forty minutes later, the guards arrived at the recreation yard, unaware of the entire episode, though that area was under surveillance. An officer, who noticed plaintiff's injuries, asked him what happened, then called the medical staff. Defendant Carswell and others questioned him about the assault and the medical staff concluded that plaintiff needed to go to the hospital for further evaluation of his severe injuries. Plaintiff charges that he was not provided the proper medication and treatment for his injuries. [Compl. at ¶ 5, "Relief"].

Afterwards, plaintiff filed a grievance, inquiring as to what measures had been taken against his assailants. The response was that they had been charged with aggravated assault. For the alleged violation of his rights to reasonable protection while confined, plaintiff seeks fifteen million dollars [$15,000,000] in damages and various other forms of relief.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or whether monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

1. <u>Defendants</u>.

At the outset, several of the defendants cannot remain as parties in this lawsuit. The

Sullivan County Jail is a building and not a "person" subject to suit under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, at **1 (6th Cir. May 1, 1997) (jail is not a suable entity).

Secondly, three of the defendants are inmates. To state a viable § 1983 claim, a plaintiff must allege: 1) that he was denied a right privilege or immunity secured by the constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has failed to show the second element, that is, the deprivation was caused by a person acting under color of state law since there is nothing to show that defendants Shealy, Bowman and Phillips—all inmates—were state actors when they assaulted plaintiff.

Finally, though plaintiff has named as defendants "All Guards on Shift" and "All Administration and Staff on Shift," he has made no allegations whatsoever against them. Therefore, for all these reasons, plaintiff has failed to state a valid § 1983 claim against these six defendants.

The Court now turns now to the two claims asserted in the complaint.

2. <u>Medical Claim.</u>

In passing, plaintiff complains that he was not provided proper medications and treatment for his injuries. To the extent that plaintiff intended this assertion even to be a claim (the allegation was contained, not in the "Statement of Claim" section of the complaint,

4

but in the "Relief"section), there are no allegations of fact to flesh it out. But overlooking the skeletal nature of the claim, punishments which involve the unnecessary and wanton infliction of pain are proscribed by the Eighth Amendment. Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Here, however, there is no description of a serious medical need—"injuries" being insufficient to satisfy that requirement—nor any allegation from which to infer that any defendant possessed the necessary state of mind of deliberate indifference.

3. Failure to Protect.

Plaintiff's allegations concerning the beating implicate the duty the Eighth Amendment imposes on prison officials to protect those under their care from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). To state a claim of deliberate indifference for failing to protect plaintiff from harm inflicted by other inmates, plaintiff must establish that he was subject to a substantial risk of injury, but also show that a defendant aware of facts from which he could draw an inference that an excessive risk of serious harm existed *and* that he actually drew that inference. *Id.* at 837.

Plaintiff's allegations fall short: the complaint is devoid of any facts to prove that conditions on the recreation yard posed an excessive risk of harm to him and that a defendant displayed deliberate indifference to the risk. Plaintiff does not maintain that there was

previous hostility between himself and his assailants or that he had reported that they presented an excessive danger to him. Nor does plaintiff assert that any particular inmate allowed on the recreation yard at the relevant time, including the assailants, had a history of violence or a tendency to commit violent acts and that this heightened the risk of serious injury to him. Moreover, plaintiff has not alleged that any defendant knew of any of these risks, but disregarded them. Absent any contentions concerning an excessive risk or knowledge of that risk on the part of a defendant, plaintiff fails to state a viable Eighth Amendment claim.

Based on the above analysis, the Court finds that plaintiff has failed to state a claim entitling him to relief and concludes that his case should be dismissed.

A separate order shall enter..


**ENTER**:

                                              */s/Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE